IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEWTON BRYAN,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-6583 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*,<br>    Defendants. | : | |

<u>MEMORANDUM</u>

**KENNEY, J.**      **JANUARY 16, 2026**

Newton Bryan filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 raising constitutional claims based on, *inter alia*, his allegedly unlawful arrest, prosecution, and conviction. Bryan also seeks leave to proceed *in forma pauperis*. For the following reasons, leave to proceed *in forma pauperis* will be granted, and the Complaint will be dismissed.

**I.    FACTUAL ALLEGATIONS**[1]

Bryan brings his claims against Defendants City of Philadelphia, (the "City"), the Philadelphia Police Department (the "PPD") and several of its employees, including PPD Officers Frane Markusovic, Nancy Gonzalez, and Kryzstof Wrzesinski,[2] the Philadelphia District Attorney's Office ("DAO") and several of its attorneys, including District Attorney

---

[1] The factual allegations are taken from Bryan's Complaint ("Compl."), which consists of the form complaint available to unrepresented litigants and seven additional typewritten pages. (ECF No. 2.) The Court considers the entirety of the submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system. The Court may also consider matters of public record when conducting a screening under § 1915. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2] Additionally, Bryan listed the following Defendants identified as PPD employees, but did not include any factual allegations related to them: Danielle Outlaw, Captain Massey, Lieutenant Johnson, Sheresa Palmer, Andrea Dutch, Patrick Talarico, Greory Kovacs, Jordan Sousa, Joseph Cappellano, Dana Fant, Gilberto Gutierrez, Tyrone Bacon, Tamamoto, Lopez, Gregory Reddick, John Masiejczyk, Thomas Dempsey, and John Doe Officers 22-30. (*See* Compl. at 8-11.)

("DA") Larry Krasner and Assistant District Attorney ("ADA") Patrick King.[3]  He alleges that on February 16, 2022, he was "assaulted, harassed and arrested by" Officer Markusovic at an intersection in Philadelphia "in front of [a] convenience store and light pole camera." (Compl. at 4.)  He claims Markusovic "gripped and pinned [him] by the chest and neck" against a truck then threw him "to the ground before deploying [a] taser." (*Id*.)  Bryan also claims Markusovic fabricated his police report and he "was never read his *Miranda* rights."[4] (*Id*.)  Bryan was subsequently "prosecuted on May 31st, 2023 and sentenced on August 8th, 2023."[5] (*Id*.)  He avers that the body camera video, presumably from his arrest, played in court was "altered with scenes missing from the footage" and Markusovic manipulated it using artificial intelligence. (*Id*.)  He alleges that prior to the court proceedings, he "requested original footage from the day in question (02-16-2022) as well as viewpoints from cameras within the surrounding area," but the request was denied "as well as unjustified reasoning as to why [he] and counsel were not able

---

[3] Bryan also listed the following Defendants identified as ADAs, but did not include any factual allegations related to them: Brian Schroeder, Andrew Lay, Kendal Kessler, and John Doe Prosecutors.  (*See* Compl. at 11-12.)

[4] It does not appear Bryan intended to bring a Fifth Amendment claim based on a *Miranda* violation and provided this information for background only.  To the extent he did intend to bring such a claim, it must be dismissed with prejudice because the United States Supreme Court has held that *Miranda* violations do not "provide[] a basis for a claim under § 1983." *Vega v. Tekoh*, 142 S. Ct. 2095, 2101 (2022); *see also id*. at 2108 (reasoning that "a violation of *Miranda* is not itself a violation of the Fifth Amendment" and finding "no justification for expanding *Miranda* to confer a right to sue under § 1983").

[5] A review of the public record reflects that on May 31, 2023, Bryan was found guilty of simple assault, and he was sentenced to probation on August 8, 2023, for a maximum of two years. *Commonwealth v. Bryan*, No. CP-51-CR-0004984-2022 (C.P. Phila.).  The public record also confirms the offense date for the charges was February 16, 2022, and the arresting officer was Markusovic.  the same date he alleges he was falsely arrested. *Id.*  The Pennsylvania Superior Court affirmed Bryan's judgment of sentence. *See Commonwealth v. Bryan*, 883 EDA 2024, 2025 WL 1292016, at *3-4 (Pa. Super. Ct. May 5, 2025) ("We agree with the trial court that the evidence was sufficient to show that Bryan acted recklessly and consciously disregarded a substantial risk that caused Sergeant Wrzesinski bodily injury. Judgment of sentence affirmed.").

to obtain any footage in order to be able to prepare an adequate defense." (*Id*.) He claims that prosecutors with the DAO and officers with the PPD conspired together to falsely charge him, "using tampered body camera footage and refused to release footage from the light pole camera and convenience store to [his] counsel when requested," in violation of *Brady v. Maryland*.[6] (*Id*. at 13.) Specifically, he alleges that DA Krasner "signed off on the charges knowing the body camera footage and the police report was fabricated" and ADA King "made [him] answer questions to fabricated evidence and tampered body camera footage." (*Id*.) Bryan also claims Officers Wrzesinski and Gonzalez, as well as other PPD officers, assisted in covering up Markusovic's misconduct to protect Markusovic. (*Id*.)

As a result of these events, Bryan brings claims for violations of his Fourth Amendment right to be free from unreasonable seizure and excessive force, his Sixth Amendment right to a fair trial, his Fourteenth Amendment right to due process based on tampering and withholding exculpatory evidence, his right to information under the Freedom of Information Act ("FOIA"),[7] and his First Amendment right to freedom of speech.[8] (*Id*. at 3.) He seeks money damages,

---

[6] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment").

[7] Congress enacted FOIA to "facilitate public access to Government documents." *United States Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citation omitted). FOIA requires *federal agencies* to disclose, upon request, broad classes of agency records unless those records are covered by the statute's exemptions. *See* 5 U.S.C. § 552(a)(3)(A), (b) (describing agencies' obligations, procedures to be followed when seeking information under the Act and enumerating exemptions). Any claims under the FOIA fail for lack of a legal basis because those statutes do not apply to state agencies or private individuals. *See* 5 U.S.C. §551(1) (defining "agency" for purposes of FOIA as certain authorities of the United States government).

[8] A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other." *Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)). Bryan does not state any factual allegations in support

3

injunctive relief ordering the preservation of relevant evidence to his state case, and a declaratory judgment that his constitutional rights were violated.⁹ (*Id.* at 5.)

## II.  STANDARD OF REVIEW

The Court grants Bryan leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other*

---

of a violation of freedom of speech under the First Amendment.  To the contrary, nothing in the factual allegations suggests that the First Amendment is in any way relevant to potential claims.

⁹ Declaratory relief is unavailable to adjudicate past conduct, so his request for this type of relief is dismissed.  *See Corliss v. O' Brien*, 200 F. App' x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App' x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").  A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App' x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

*grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Bryan is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.   DISCUSSION

Bryan asserts his federal constitutional claims pursuant to § 1983, the vehicle by which such claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A.   Claims Against the City, the PPD, and the DAO

Bryan's claims against the PPD and DAO appear to be based on those entities' role in arresting and prosecuting him. The PPD does not have a separate legal existence from the City and, as a sub-division of the City, is not a proper Defendant under § 1983. *See, e.g., Moore v. Montgomery Cnty. Dist. Att'y Off.*, No. 22-2642, 2023 WL 5972045, at *2 (3d Cir. Sept. 14, 2023) (*per curiam*) ("[M]unicipal police departments are governmental sub-units that are not distinct from the municipalities of which they are a part, and thus may not be separately sued under § 1983." (internal citations omitted)); *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia").

It is unclear whether the DAO is an entity subject to suit under § 1983 such that it could be considered a proper defendant in this case. *See Reitz v. Cnty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) ("[T]he Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability."); *see also Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (*per curiam*) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983."); *Harper v. City of Phila.*, No. 18-365, 2018 WL 5784549, at *2 (E.D. Pa. Nov. 2, 2018) ("District courts within the Third Circuit disagree about whether the DAO is a separate entity from the City of Philadelphia such that it can be sued separately under § 1983."); *Stasko v. Lebanon Cnty. Drug Task Force*, No. 12-1156, 2012 WL 6561726, at *6 (M.D. Pa. Dec. 17, 2012) (holding that a task force was not a suable entity under § 1983). *But see Quintana v. City*

*of Phila.*, No. 17-996, 2017 WL 3116265, at *4 (E.D. Pa. July 21, 2017) ("Quintana may sue the District Attorney's Office in addition to the City."); *Sourovelis v. City of Phila.*, 103 F. Supp. 3d 694, 711-12 (E.D. Pa. 2015) ("[T]he Court concludes that neither § 16257 nor *Reitz* bars suit against the D.A.'s Office under the circumstances of this case."). Regardless, there is no suggestion at all in the Complaint that the constitutional violations of which he complains stemmed from a policy or custom of either of these entities, as would be required to allege municipal liability against any of the municipal Defendants Bryan sued. *See, e.g, Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) (to state a § 1983 claim against a municipal entity, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation); *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009) (explaining that the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard); *Barosh v. Ramirez*, No. 19-322, 2020 WL 416844, at *6 (M.D. Pa. Jan. 27, 2020) ("[E]ven assuming that Plaintiff can proceed against the DAO, he has failed to set forth a municipal liability claim against that entity."). Accordingly, the Court will also dismiss Bryan's claims against these Defendants. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014) (*per curiam*) ("[T]he allegations in the complaint do not reach the municipality, in any instance, because the alleged injury was inflicted solely by its employees.").

  **B. Claims Against the Individual Defendants**

    **1. *Heck*-Barred Claims**

The majority of Bryan's claims stem from alleged constitutional violations related to his prosecution and conviction in state court. The essence of these claims is based on allegations that prosecutors and PPD officers conspired together to falsely charge him by using fabricated

7

police reports, altered body camera footage, and withheld exculpatory evidence, and by refusing to turn over other video footage from the scene.  (Compl. at 4, 13.)  It appears Bryan challenges the constitutionality of his conviction and his prosecution to the extent it led to that conviction, which are not cognizable claims in a civil rights action at this time.  That is because, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  "A claim . . . bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."  *Heck*, 512 U.S. at 487 (emphasis in original).  Indeed, "the favorable-termination requirement is a necessary element of the claim for relief under § 1983."  *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021).

It appears Bryan is claiming that because exculpatory evidence from the video footage at the scene was withheld from him and the body camera footage and police reports were altered and/or fabricated, as a result, he did not receive a fair trial and was wrongfully convicted.  This is precisely the type of allegation that would invalidate a conviction and necessarily imply its

invalidity. *See, e.g., Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("*Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983."); *Heck,* 512 U.S. at 479, 490 (claim that prosecutors and an investigator had "'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'" cannot be maintained under § 1983); *Podlucky v. Comm'r of Internal Revenue*, No. 21-2794, 2022 WL 1301391, at *1 (3d Cir. May 2, 2022) (agreeing that *Brady* claims were *Heck*-barred). If Bryan seeks to challenge his conviction, he must do so by filing a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. He may not, however, pursue any claims predicated on the falsity of his convictions while those convictions remain intact. *See Garrett*, 17 F.4th at 429 ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983[.]"). The Complaint does not allege that Bryan's convictions were invalidated, and the public docket indicates that the Pennsylvania Superior Court affirmed Bryan's judgment of sentence. *See Bryan*, 2025 WL 1292016, at *3-4 at *3-4 ("We agree with the trial court that the evidence was sufficient to show that Bryan acted recklessly and consciously disregarded a substantial risk that caused Sergeant Wrzesinski bodily injury. Judgment of sentence affirmed."). Accordingly, the Court will dismiss his malicious prosecution, due process, and Sixth Amendment right to a fair trial claims without prejudice subject to Bryan refiling them in a new lawsuit only in the event his convictions are ultimately invalidated.[10] *See, e.g.*, *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (*Heck* applied to litigant's claims "asserting that fabricated evidence was used to pursue a criminal judgment");

---

[10] There are other defects in Bryan's claims in that he has sued numerous Defendants against whom he does not allege any factual allegations and others who are entitled to immunity. However, since *Heck* clearly bars these claims, the Court will not address these other bases for dismissal.

*Coello v. DiLeo*, 43 F.4th 346, 354 (3d Cir. 2022) (concluding that the plaintiff's Fourteenth Amendment claims fell "in *Heck*'s sphere"); *Nash v. Kenney*, 784 F. App'x 54, 57 (3d Cir. 2019) (*per curiam*) ("Nash's malicious-prosecution and speedy-trial claims—which challenge his post-arraignment detainment—are barred by the favorable-termination rule of [*Heck*]."); *Miller v. Commonwealth of Pa.*, 588 F. App'x 96, 97 (3d Cir. 2014) (*per curiam*) (affirming dismissal of state prisoner's Fourteenth Amendment claim that destruction of exculpatory evidence prevented him from proving his innocence as barred by *Heck* "[b]ecause a judgment in his favor would necessarily imply the invalidity of his conviction" and he did not "demonstrate that his conviction ha[d] been invalidated"); *Telepo v. Martin*, 359 F. App'x 278, 280 (3d Cir. 2009) (*per curiam*) (claims were not cognizable under § 1983 when they were "based on alleged violations of [plaintiff's] Sixth Amendment right to assistance of counsel during the sentencing phase of his criminal trial").

### 2. Time-Barred Claims

Bryan also brings false arrest and excessive force claims, which are not the type of claims that are categorically barred by *Heck*. *See id.*, 512 U.S. at 487 n.7 (discussing unlawful search claims); *Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (explaining that "[plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence"). However, these claims still fail because they are time barred.

Section 1983 claims, such as those brought by Bryan, are subject to the state statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, that limitations period is two years. *See* 42 Pa. Cons. Stat. § 5524. A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations

10

omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). This is consistent with Pennsylvania's "discovery rule," which delays the running of the statute of limitations where "despite the exercise of reasonable diligence," a plaintiff cannot know that he is injured and by what cause. *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005).

Bryan alleges that on February 16, 2022, he was "assaulted, harassed, and arrested by" Officer Markusovic in Philadelphia. (Compl. at 4.) Thus, Bryan's false arrest and excessive force claims accrued on February 16, 2022, because that is when he was allegedly subjected to excessive force and unlawfully arrested. It follows that Bryan knew or should have known of his injuries on that date. *See LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."); *see also Hickox v. Cnty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (*per curiam*) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions."). Accordingly, he was required to bring his claims by February 16, 2024, at the latest. The docket reflects that this case was filed on November 20, 2025. (*See* ECF No. 2.) This is more than twenty-one months after his claims accrued. Nor is there any basis for tolling here. *See, e.g., Lloyd v. Ocean Twp. Counsel,* 857 F. App'x 61, 64 (3d Cir. 2021) (*per curiam*) (noting that false arrest and imprisonment claims begin to run at the time the plaintiff was "detained pursuant to legal process" ); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (*per curiam*) (concluding that Fourth Amendment unreasonable search and seizure claims accrued when the search and seizure occurred because

this was "the moment that [the plaintiff] indisputably knew about the alleged faults of search and seizure"). Accordingly, Bryan's excessive force and false arrest claims based on the events that occurred on February 16, 2022, will be dismissed with prejudice as time-barred.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Bryan leave to proceed *in forma pauperis* and dismiss the Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bryan's *Heck*-barred claims against the individual Defendants will be dismissed without prejudice to him filing a new civil rights complaint only in the event his convictions are reversed, vacated, or otherwise invalidated.[11]  *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice). The balance of the Complaint is dismissed with prejudice because Bryan cannot cure the defects in his remaining claims.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that complaints dismissed under the Prison Litigation Reform Act should be with leave to amend "unless amendment would be inequitable or futile").

An appropriate Order dismissing this case will be entered separately.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**

---

[11] The Court expresses no opinion on the merits of any such lawsuit.